FILED
United States Court of Appeals
Tenth Circuit

**May 8, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FAROUK MEHIO,

     Plaintiff–Appellant,

v.

KEITH D. SONNTAG, D.D.S., M.S,

     Defendant–Appellee.

No. 11-4209
(D.C. No. 2:11-CV-00552-SA)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

     Farouk Mehio filed a pro se complaint in federal district court alleging that his

dentist, Keith Sonntag, improperly charged him for dental work. In screening the case

pursuant to 28 U.S.C. § 1915(e)(2)(B), the district court concluded it lacked subject

matter jurisdiction and accordingly dismissed. Mehio now appeals. Exercising

---

     * The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

jurisdiction under 28 U.S.C. § 1291, we affirm.

We review de novo a district court's dismissal for lack of subject matter jurisdiction. See Tsosie v. United States, 452 F.3d 1161, 1163 (10th Cir. 2006). Construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Mehio's complaint appears to assert a common law fraud claim. Such a claim does not establish federal question jurisdiction because it does not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Nor does the complaint satisfy the requirements of diversity jurisdiction. Mehio admits that all parties are domiciled in Utah and does not seek $75,000 in relief. See 28 U.S.C. § 1332.

On appeal, Mehio argues that the district court prematurely dismissed his complaint. But 28 U.S.C. § 1915(e)(2)(B)(ii) directs that a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Given the clear jurisdictional defect, the district court correctly held that it could not grant relief.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**. We **DENY** all pending motions as moot.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-2-